UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER McDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-4224-MMM |
| | ) |
| CHRISTOPHER McLAUGHLIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and currently incarcerated at the Dixon Correctional Center, pursues a § 1983 action alleging failure to protect, deliberate indifference, conspiracy and violations of due process at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff brings this action against Hill Warden Stephanie Dorethy, Assistant Warden Christopher McLaughlin, Internal Affairs Officer Corey Scheland, Correctional Officer Anthony Buckley and John/Jane Doe Placement Officers. Plaintiff alleges that in January 2019, an unidentified Doe Placement Officer assigned Plaintiff to a cell with inmate Wright, who is

Seriously Mentally Ill ("SMI") and known to have attacked previous cellmates. Plaintiff complained to an officer who wrote an incident report and sent it to the Placement Officer. The Placement Office advised Plaintiff that if he wanted to be moved, he would have to refuse housing.

Plaintiff claims that Defendants Dorethy and McLaughlin had enacted a policy whereby inmates who wished to be moved for safety reasons could do so only by refusing housing and incurring a disciplinary infraction. Inmates who refuse housing are placed in a segregation jumpsuit, their personal items are confiscated, and they are held without dayroom or telephone privileges. Plaintiff alleges that an Adjustment Committee hearing is held, generally after seven days in such confinement. Plaintiff claims that the Adjustment Committee doles out an "automatic" penalty designated by policy of two months demotion to C Grade, 67 days loss of privileges and the revocation of 15 days of good conduct credit.

Plaintiff did not wish to incur the penalties involved and, against his better instincts, remained with inmate Wright. On a subsequent date, Plaintiff asked a Lieutenant to check with the Placement Office again, to see if he could be moved. The Lieutenant did so but indicated that the Placement Office did not respond. Plaintiff alleges that on January 23, 2019, inmate Wright, without provocation, severely beat Plaintiff about the head with Plaintiff's own radio and hot pot. When the handle broke off of the radio, Wright used it to stab Plaintiff multiple times. Plaintiff claims that the attack lasted about thirty minutes and was witnessed by inmates in the cells on either side of his.

On January 28, 2019, Plaintiff was charged with fighting for the incident with Wright. Plaintiff claims that the false charges were issued by Defendant Scheland who, with Defendants

Dorethy and McLaughlin, acted in a conspiracy to cover-up inmate Wright's attempt to murder him.

The charges went to the Adjustment Committee which was chaired by Defendant Major Buckley and which, on January 31, 2019, found Plaintiff guilty. Plaintiff alleges that the charges were not fully investigated as Defendant Scheland never interviewed the witnesses in the cells next to his. He claims that Defendant Scheland ignored Wright's history of fighting and assaulting cellmates and that Defendants Scheland and Buckley never interviewed the correctional officers whom Plaintiff had asked to have him moved. Plaintiff alleges that Defendants Scheland, Buckley and Dorethy conspired together so that Plaintiff would be found guilty.

Plaintiff further alleges that the emergency call button in his cell was not operable at the time of the attack. Plaintiff claims that on the date of the assault, Defendant Dorothy "knew" that the emergency button did not work and that she acted with deliberate indifference in failing to have it fixed. Plaintiff does not indicate, however, that he ever reported the inoperable button or how Warden Dorethy would come to know of it. Plaintiff requests nominal, compensatory and punitive damages. He also requests injunctive relief, an order that all SMI prisoners in IDOC be single-celled.

## ANALYSIS

Plaintiff's complaint is construed, in part, as asserting a failure to protect claim against the Doe Placement Officers. To be liable for failure to protect, Defendants must have had "actual knowledge of impending harm" and of a "specific threat to [plaintiff's] safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). In addition, Defendants' response to the threat must have been so inadequate as to amount to "a reckless disregard for the risk and 'effectively

3

condone[s] the attack.'" *Id.* (internal citation omitted) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)).  Here, Plaintiff alleges that the Doe Placement Officers "knowingly" placed him in a cell with an SMI cellmate with known violent propensities.  In addition, the Placement Officers were contacted on at least two occasions regarding Plaintiff's fear of his cellmate and took no action.  This is enough, at the pleading stage, to state a deliberate indifference claim for failure to protect. Plaintiff is placed on notice that it will be his responsibility through initial disclosures and discovery to determine the identity of the Doe Placement Officers.

Plaintiff does not assert that Defendants Dorethy or McLaughlin were aware of his placement with inmate Wright, or aware of his concerns regarding this placement.  He asserts, however, that Defendants Dorethy and McLaughlin are liable for a failure to protect as they enacted a policy under which inmates could not be moved for reasons of their own safety unless they refused housing and suffered the consequences.  While "prison administrators are given 'wide-ranging deference in the adoption and execution of policy and practices' that are necessary to preserve order, discipline, and security in the prisons" they may not be "deliberately indifferent' to a prison inmate's special need for protection." *Santisteven v. Steinberg*, No. 80-6426, 1987 WL 20148, at *4 (N.D. Ill. Nov. 19, 1987) (internal citations omitted).

To establish deliberate indifference and §1983 liability, Plaintiff must allege that Defendants promulgated an unconstitutional policy with notice that it would pose  "a substantial risk of serious harm" to Plaintiff.  *Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002).  Here, Plaintiff states a plausible claim that Defendants Dorethy and McLaughlin were deliberately indifferent in enacting a policy which inhibited prisoners seeking to be moved for reasons of personal safety.

Plaintiff also alleges a due process claim against Defendants Dorethy, McLaughlin,

Scheland and Buckley. Plaintiff has attached documents to his complaint to substantiate that he was found guilty of the fighting charge. Plaintiff also provides documentation that the guilty finding was overturned by the Administrative Review Board ("ARB"). *See* January 31, 2019 Adjustment Committee Final Summary Report. [ECF 1 p. 9] As the guilty finding was expunged, Plaintiff may not proceed on a due process claim. *See Sanchez v. Godinez,* No. 14-275, 2014 WL 1097435 at *2 (S.D. Ill. March 20, 2014). "As a result, [of expungement] Plaintiff ultimately received the process to which he was due, even though his victory came too late to have prevented him from serving the segregation time…Plaintiff now has no cognizable civil rights claim." *See also, Leslie v. Doyle*, 125 F.3d 1132, 1137 (7th Cir. 1997) (plaintiff received due process where the review board subsequently cleared him of wrongdoing); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (no denial of due process if the error the inmate complains of is corrected in the administrative appeal process). The due process claim is DISMISSED.

Plaintiff further alleges that Defendants Dorethy and McLaughlin engaged in a conspiracy in enacting a policy requiring that an inmate refuse housing to protect his personal safety. He alleges, further, that Defendants Dorethy, Scheland and Buckley engaged in a conspiracy to find him guilty of the fighting charge when there had been an inadequate investigation. Plaintiff, however, is barred from asserting such a claim under the intracorporate conspiracy doctrine. This provides that a "conspiracy cannot exist solely between members of the same entity." *Beese v. Todd*, 35 Fed.Appx. 241, 243(7th Cir. 2001) citing *Payton v. Rush–Presbyterean–St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir.1999). This claim is DISMISSED.

Plaintiff alleges in Count V that Defendant Dorethy "knew" that the emergency button in

his cell did not work. Plaintiff does not claim that reported that the button was inoperable, how the Warden would be aware of this or that it was her responsibility to fix it. "Section1983 creates a cause of action based on personal liability and predicated upon fault; thus, 'to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.'" *Jones v. Butler,* No. 14-00846, 2014 WL 3734482, at *2 (S.D. Ill. July 29, 2014) (quoting *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). There is no respondeat superior under 1983 and Defendant is not responsible merely due to her supervisory position over others. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983). Furthermore, "[b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This claim is DISMISSED though Plaintiff will be given an opportunity to replead it should he wish.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the failure to protect claim asserted against the Doe Placement Officers and the deliberate indifference claim asserted against Defendants Dorethy and McLaughlin, based on the allegedly unconstitutional policy. The Clerk is to change the "John/Jane Does" designation to "Doe Placement Officers."

2. The due process and conspiracy claims are DISMISSED. Plaintiff's claim that Defendant Dorethy was deliberately indifferent in relation to the inoperable emergency button in his cell is also DISMISSED though Plaintiff will be given an opportunity, within 30 days to file an amended pleading to reassert this claim. If Plaintiff files, it is to be captioned Amended Complaint and is to stand on its own without reference to a prior pleading. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a

party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Scheland and Buckley are DISMISSED.

    3.    Plaintiff's motion for status [9] is rendered MOOT.  Plaintiff files [10] a motion for recruitment of pro bono counsel but does not sufficiently indicate that he attempted to secure counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55(7th Cir. 2007).  Plaintiff provides only one declination letter from an attorney. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. [10] is DENIED at this time.

    4.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    5.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6.    Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    7.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    8.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    9.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    10.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

    **1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,**

    **2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

|  |  |
|---|---|
| _4/15/2020_ <br> ENTERED | s/ Michael M. Mihm <br> MICHAEL M. MIHM <br> UNITED STATES DISTRICT JUDGE |